IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00024-GPG

CHRISTABLE SEYMORE,

    Petitioner,

v.

DENVER COUNTY JAIL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO FILE PRE-ANSWER RESPONSE

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on January 23, 2015 (ECF No. 8), the Court has determined that a limited Pre-Answer Response is appropriate.  Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response.  Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all

documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent The Attorney General of the State of Colorado shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, the Respondent Attorney General of the State of Colorado must notify the Court of that decision in the Pre-Answer Response. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 10) is GRANTED. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 24 in a Habeas Corpus Action (ECF No. 7) is DENIED because it is filed on the incorrect form and is otherwise moot. It is

FURTHER ORDERED that the Motion Requesting Extension (ECF No. 11) is DENIED without prejudice. If Applicant needs additional time to respond to a specific

Order, he shall file a motion at that time.  Generally, the Court is not inclined to grant more than a 30-day extension of time, absent exceptional circumstances.  It is

FURTHER ORDERED that Applicant's Motion (ECF No. 1), filed on January 5, 2015, is DENIED as superseded by the Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, that Applicant filed on January 23, 2015 in response to the Court's Order Directing Petitioner to Cure Deficiencies.

Dated January 27, 2015, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge