IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00024-GPG

CHRISTABLE SEYMORE,

    Petitioner,

v.

DENVER COUNTY JAIL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Christable E. Seymore, a state prisoner, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8).  He challenges the validity of his conviction and sentence imposed in Denver, Colorado, District Court Case No. 03CR5034.  Mr. Seymore has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    In a January 27, 2015 Order, Magistrate Judge Gordon P. Gallagher directed Respondents to file, within 21 days, a pre-answer response addressing the potential affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On February 12, 2014, Respondents submitted a pre-answer response (ECF No. 16). On March 6, 2015, Applicant filed several documents that the Court will construe liberally and together as his Reply.  (ECF Nos. 18, 19, 20 and 21).

    The Court must construe Mr. Seymore's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as time-barred.

**I. Background and State Court Proceedings**

On December 30, 2003, Mr. Seymore pleaded guilty to possessing a controlled substance, pursuant to a deferred judgment and sentence (DJS) agreement. (ECF No. 16-1, at 21). Under the agreement, if Applicant successfully completed a term of supervision, his guilty plea would be withdrawn, and a conviction would not be entered. *See generally* COLO. REV. STAT. (C.R.S.) § 18-1.3-102 (2014). Applicant did not file a direct appeal.

Mr. Seymore later admitted to violating the terms of supervision. (ECF No. 16-1, at 14). On August 10, 2006, the state district court entered judgment on the conviction and sentenced him to four years in Community Corrections, a residential and transitional program. (*Id.*); *see generally* C.R.S. §§ 17-27-102(3) (2014), 18-1.3-301 (2014). Applicant did not appeal.

In February 2007, Mr. Seymore filed motions, pursuant to Colo. Crim. P. Rule 35, seeking a reduction of sentence and collaterally attacking the judgment, which were denied by the state district court. (ECF No. 16-1, at 13). Applicant did not appeal.

On July 10, 2008, Mr. Seymore was resentenced to the Colorado Department of Corrections after he violated the terms of the Community Corrections program. (*Id.* at 12). Applicant then filed several state post-conviction motions between June 2009 and 2012, the latest of which was denied on December 19, 2012. (*Id.* at 8-11). Mr.

Seymore did not appeal any of those rulings. In January 2015, Applicant filed three additional post-conviction motions in the state district court. (*Id.* at 8).

Mr. Seymore initiated this action on January 5, 2015. He asserts two claims for relief in the Application. Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). (ECF No. 16, at 4-10).

## II. AEDPA Time Bar

Section 2244(d) of Title 28 United States Code, provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the one-year period commenced at the time Mr. Seymore's criminal

judgment became final because none of the other subsections of § 2241(d)(1) apply. The Court will assume, for purposes of determining the timeliness of the Application,[1] that the one-year period **began to run no later than September 14, 2008**, 45 days after entry of the August 10, 2008 judgment, when the time for filing a direct appeal with the Colorado Court of Appeals expired. See Colo. App. R. 4(b)(1) (2008).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. See Gibson v. Klinger, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).

The one-year period ran for **278 days**, from September 14, 2008 to June 19,

---

[1] The Court need not definitively determine on which date Mr. Seymore's judgment became final because even if the latest possible date applies – i.e., August 10, 2008, the action is untimely.

2009, when Applicant filed a state post-conviction motion. No other state post-conviction motions were pending during that time period. Applicant's motions for the appointment of counsel and for free transcripts do not toll the AEDPA limitation period. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (motions for free transcripts); *Banks v. Trani*, 383 F. App'x. 857, 858-59 (10th Cir. April 16, 2010) (unpublished) (motions for appointment of post-conviction counsel).[2]

The AEDPA time clock was tolled from June 19, 2009 to July 8, 2009, when the state post-conviction motion was denied, and for 45 days thereafter during the time when Applicant could have filed an appeal. (*See* ECF No. 16-1). The clock would have commenced to run again on August 22, 2009, except that Applicant filed a post-conviction motion for reduction of sentence, which further tolled the limitation period until October 5, 2009, forty-five days after the state district court denied the motion on August 21, 2009. (*See id.*). **The AEDPA time clock then ran from October 5, 2009 until it expired 87 days later, on December 31, 2009.** Applicant did not file any state post-conviction motions during that period. (*See id.*).

Although Mr. Seymore filed additional state post-conviction motions in 2010 and thereafter, post-conviction motions filed after passage of the limitations period are not relevant to the timeliness of a petitioner's federal application. *See Clark v. Oklahoma*,

---

[2]The Court notes that a motion for appointment of counsel that includes adequate factual and legal grounds for state post-conviction relief, pursuant to Colo. Crim. P. Rule 35(c), may toll the limitations period. *See Banks*, 373 F. App'x at 858-59. The Court does not have copies of the motions filed by Applicant. However, even if the motions contained substantive constitutional arguments and were sufficient to toll the AEDPA limitation period earlier than June 19, 2009, it is clear that this action is untimely. Applicant filed a state-post conviction motion that was denied by the district court in December 2012. (ECF No. 16-1, at 8). He did not appeal. Thereafter, Applicant did not file a state post-conviction motion, or his federal Application, until January 2015, more than two years later. (*Id.*).

468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, Mr. Seymore's Application is time-barred unless equitable tolling applies.

### III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.C. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Seymore bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Seymore does not assert grounds for equitable tolling in his Application or in his March 6, 2015 filings. Applicant's *pro se* status and ignorance of his legal obligation to file a timely § 2254 Application do not justify equitable tolling. *See Marsh v. Soares*,

223 F.3d 1217, 1220 (10th Cir. 2000).

Under 28 U.S.C. § 2244(d), Mr. Seymore is time-barred from filing a federal habeas corpus action in this Court. Because the Application is clearly untimely, the Court need not reach Respondents' argument that Mr. Seymore's claims were not exhausted properly in the state courts and are thus procedurally barred from federal habeas review. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed by Applicant Christable E. Seymore on January 23, 2015, is DENIED and this action is DISMISSED WITH PREJUDICE as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Seymore has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Seymore files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Prisoner Complaint (ECF No. 12), filed on January 26, 2015, is STRICKEN as improperly filed in this habeas corpus proceeding. If Mr. Seymore wants to pursue civil rights claims, he may initiate a new civil action.

DATED March 11, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court